UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REVELA CURL, | ) | Case No. 2:20-cv-09828-FLA (SP) |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM AND ORDER** |
| | ) | **DISMISSING ACTION FOR** |
| v. | ) | **FAILURE TO PROSECUTE** |
| | ) | |
| HARBOR U.C.L.A. HOSPITAL OF TORRANCE CALIFORNIA, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## I.

## INTRODUCTION

On October 27, 2020, plaintiff Revela Curl, proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Complaint asserts a number of claims related to events in which plaintiff lost custody of her daughter shortly after giving birth to her at Harbor UCLA Hospital.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the court screened the Complaint to determine whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or

1

sought monetary relief against a defendant who was immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  After careful review and consideration of the allegations of the Complaint under the relevant standards, the court found it was subject to dismissal in a February 18, 2021 order, but granted plaintiff leave to amend or respond to the court's order by March 18, 2021.  The court warned plaintiff that failure to timely file a First Amended Complaint or otherwise respond may result in a recommendation of dismissal for failure to state a claim or failure to prosecute and obey court orders.  Plaintiff did not respond to the court's order in any fashion by March 18, 2021, or since.

To provide plaintiff with an opportunity to address her failure to respond or file a First Amended Complaint, on October 20, 2021, the court issued an Order to Show Cause ("OSC") why the Complaint should not be dismissed for failure to prosecute.  The court ordered plaintiff to show cause, on or before November 10, 2021, why this action should not be dismissed for failure to prosecute and/or comply with a court order.  The court warned plaintiff in the OSC that failure to timely file and serve a response as directed would be deemed by the court as consent to the dismissal of this action.

Plaintiff's address of record in this case is the address she provided on her Complaint.  On November 3, 2021, the copy of the OSC mailed from the court to plaintiff at her address of record was returned as undeliverable.  Per Local Rule 41-6, plaintiff had 15 days to notify the court of a change of address, which she failed to do.

Well over a year has passed since the November 10, 2021 deadline, but plaintiff has not responded to the court's OSC, and has not communicated with the court in any fashion since filing the Complaint on October 27, 2020.  Plaintiff has thus failed to prosecute this action, in contravention of the court's orders.  As such, this action will be dismissed without prejudice.

## II.
## DISCUSSION

Plaintiff failed to file a First Amended Complaint or otherwise respond to the court's dismissal order by the March 18, 2021 deadline or at all, failed to respond to the

OSC by the November 10, 2021 deadline or at all, and has failed to keep the court informed of her current address.  Plaintiff's failure to respond to the court's orders despite being admonished of the consequences, and to keep the court apprised of her current address, evidences a lack of prosecution on her part.

It is well established that a district court has authority to dismiss a plaintiff's action because of her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute.  The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'"  *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff failed to respond in any fashion to either the February 18, 2021 dismissal order or the October 20, 2021 OSC, and failed to inform the court of her current address.  Plaintiff's failure to follow the court's orders and to prosecute her case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the court.  *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants.").  Plaintiff's conduct indicates that she does not intend to litigate this action diligently, or at all.  Thus, the first and second factors weigh in favor of dismissal.  *See*

*Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Here, because plaintiff has failed to comply with two court orders directing her to respond and show cause in writing why the case should not be dismissed, litigation has been delayed. Nothing suggests the presumption of prejudice to defendants is unwarranted. Where a party offers a poor excuse for failing to comply with a court order, the prejudice to opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for failing to comply with the court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to inform the court of her current address and failing to respond to the court's orders, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with the court's orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel . . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation marks

omitted).  In the instant case, however, each of these measures is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The court attempted to avoid dismissal by: (1) ordering plaintiff to file a First Amended Complaint or otherwise respond to the dismissal order by March 18, 2021, and warning her that failure to respond may result in dismissal; (2) after plaintiff failed to respond to the dismissal order, issuing an OSC in which the court gave plaintiff another chance to avoid dismissal and warned her failure to respond would be deemed consent to dismissal; and (3) waiting well after the November 10, 2021 deadline to respond to the OSC before issuing this order.  Plaintiff has failed to inform the court of her new address of record and has not communicated with the court since she filed this case in October 2020.  Furthermore, dismissal without prejudice is less drastic than dismissal with prejudice.  Because there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor also weighs in favor of dismissal.

Based on the foregoing, dismissal of the Complaint and this action without prejudice is warranted for failure to prosecute and obey court orders.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

Dated: August 16, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge